UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRICK DERMONT TAYLOR,

                          Plaintiff,

            -against-

NYC DOC, *RIKERS ISLAND RNDC MEDICAL*,

                          Defendant.

22-CV-10214 (JLR) (RWL)

**<u>ORDER OF SERVICE</u>**

JENNIFER L. ROCHON, United States District Judge:

        Plaintiff, a pretrial detainee currently confined in the Robert N. Davoren Center

("RNDC") on Rikers Island, brings this *pro se* action, alleging that the RNDC medical staff is

not providing him with adequate medication for his serious medical conditions.  By order dated

February 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that

is, without prepayment of fees.[1]

        As set forth below, the Court: (1) dismisses all claims against the New York City

Department of Correction ("DOC"); (2) adds the City of New York and the NYC Health +

Hospitals ("H+H") as defendants; and (3) directs H+H to identify the RNDC medical staff

members Plaintiff seeks to sue.

**STANDARD OF REVIEW**

        The Court must dismiss an IFP complaint, or portion thereof, that "is frivolous or

malicious," "fails to state a claim upon which relief may be granted," "or seeks monetary relief

from a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see*

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing court's power to screen *pro se*

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted
permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

complaints and dismiss legally insufficient claims).  The Court must also dismiss a complaint

when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law

mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret the pleadings to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

## I.    CLAIMS AGAINST DOC

Plaintiff names as defendant the "NYC DOC, Rikers Island RNDC medical."  To the

extent Plaintiff brings claims against NYC Department of Corrections ("DOC"), the claims must

be dismissed because an agency of the City of New York cannot be sued.  N.Y. City Charter ch.

17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law

shall be brought in the name of the city of New York and not in that of any agency, except where

otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)

(citing the same); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y.

2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Because Plaintiff is bringing claims concerning his medical care at RNDC, in light of his

*pro se* status, the Court construes the complaint as asserting claims against the City of New York

and the NYC Health + Hospitals ("H+H"), which is the medical care provider for all DOC

facilities.  The Court directs the Clerk of Court to amend the caption of this action to add the City

of New York and H+H as defendants.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court

may at any time, on just terms, add or drop a party.").  This amendment is without prejudice to

any defenses the City of New York and H+H may wish to assert.

## II.    WAIVER OF SERVICE FOR THE CITY OF NEW YORK

The Clerk of Court is directed to notify DOC and the New York City Law Department of this order.  The Court requests that the City of New York waive service of summons.

## III.    SERVICE ON H+H

Due to Plaintiff's IFP status, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve the complaint if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant H+H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant H+H.  The Clerk of Court is further instructed to issue a summons for Defendant H+H and deliver to the Marshals Service all the paperwork necessary to effect service upon Defendant H+H.

If the complaint is not served on Defendant H+H within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that a summons is issued.

**IV.**   *VALENTIN* **ORDER TO IDENTIFY RNDC MEDICAL STAFF**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff appears to supply sufficient information to permit H+H to identify the RNDC medical staff members who were involved in Plaintiff's medical care from October 22, 2022 to the present.  It is hereby ordered that H+H must ascertain the identities of each medical staff member whom Plaintiff seeks to sue here and provide the address where each of these defendants may be served.  H+H must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming each of the RNDC medical staff members.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will review the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete and deliver all documents necessary to the U.S. Marshals Service to effect service on the newly named defendants.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to add the City of New York and the NYC Health + Hospitals as defendants under Fed. R. Civ. P. 21.

The Clerk of Court is also instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the City of New York waive service of summons.

The Clerk of Court is further directed to issue a summons for NYC Health + Hospitals; complete a USM-285 form with the address for this defendant; and deliver all documents necessary to effect service on NYC Health + Hospitals to the U.S. Marshals Service.

The Court also directs the Clerk of Court to mail a copy of this order and complaint to NYC Health + Hospitals at 50 Water Street, New York, New York 10004.

An Amended Civil Rights Complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 1, 2023
          New York, New York

_____
                              JENNIFER L. ROCHON
                           United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

NYC Health + Hospitals
50 Water Street
17th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____