UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRICK DERMONT TAYLOR,

                 Plaintiff,

-against-

CITY OF NEW YORK and NYC HEALTH + HOSPITALS,

                 Defendants.

1:22-cv-10214 (JLR) (RWL)

**ORDER OF DISMISSAL**

JENNIFER L. ROCHON, United States District Judge:

    On December 1, 2022, *pro se* Plaintiff Derrick Darmont Taylor sued the New York City Department of Correction, alleging under 42 U.S.C. § 1983 that the Department was deliberately indifferent to his serious medical needs and violated his civil rights while he was incarcerated at Rikers Island.  ECF No. 2.  DOC was terminated as a Defendant on March 1, 2023, because it is not an entity that can be sued in its own name.  ECF No. 6 at 2 (citing N.Y. City Charter ch. 17 , § 396).  The Court construed Plaintiff's complaint as asserting claims against the City of New York and the NYC Health + Hospitals ("Defendants").  *Id.*

    On April 6, 2023, the Court issued an order for Plaintiff to provide any identifying information as to the specific staff involved, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 , 76 (2d Cir. 1997).  *See* ECF No. 18.  Plaintiff failed to provide this information despite the Court's order extending the time to respond and advising him that his failure to respond could result in dismissal for lack of prosecution.  *See* ECF Nos. 20, 22, 23.  On June 21, 2023, the Court issued an order precluding Plaintiff from filing an amended complaint to add additional defendants, in the absence of good cause, for failure to comply with multiple court orders requiring him to provide identifying

information of the medical personnel allegedly involved in his care.  ECF No. 23.  The Court further instructed Defendants to answer the complaint or file any motion to dismiss by July 21, 2023.  *Id.*  On July 20, 2023, Defendants moved to dismiss this case for failure to state a claim. ECF Nos. 24, 26.

On September 8, 2023, the Court extended Plaintiff's deadline to respond to the motion until November 10, 2023.  ECF No. 31.  The Court advised Plaintiff that it may deem the motion to dismiss unopposed if it did not receive a response from him by that date.  *Id.*  The Court noted that "[f]ailure to comply with Court orders and deadlines may also result in dismissal of this case for failure to prosecute."  *Id.*  On November 14, 2023, the Court notified Plaintiff again that if he failed to respond to Defendants' motion to dismiss by December 15, 2023, it would dismiss the action for failure to prosecute.  ECF No. 33.  To date, Plaintiff has not responded.[1]

Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Courts must consider the following factors when making this determination:  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing

---

[1] The Court notes that several of this Court's orders, mailed to the *pro se* Plaintiff, were returned as undeliverable. *See* ECF Nos. 23, 28, 31, 33.  This does not mitigate Plaintiff's failure to respond, as Plaintiff was informed at the outset of this case that it was his responsibility to inform the Court if his contact information changed, and that failure to do so could result in dismissal. *See* ECF No. 8 at 2.

its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, Plaintiff has made no effort to prosecute this litigation since filing his complaint over a year ago. Plaintiff was given notice on September 8 and November 14, 2023 that this action could be dismissed if he did not respond to Defendants' motion to dismiss. ECF Nos. 31, 33; *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248 , 254 (2d Cir. 2004) (plaintiff was "given notice that further delay would result in dismissal"). The Court may presume prejudice where Plaintiff has caused an "unreasonable delay." *LeSane*, 239 F.3d at 210 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* at 209 (citation omitted). Finally, in light of Plaintiff's failure to communicate with the Court, no other lesser sanction is suitable at this juncture.

Accordingly, this action is dismissed without prejudice to refiling. The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

Dated: December 19, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge